SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* WILLIE WILSON, Respondent.

No. 13993

December 28, 1982                    655 P.2d 520

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*H. Leon Simon,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent was charged by information with one count of grand larceny. He filed a petition for a writ of habeas corpus based on lack of probable cause. The district court granted the petition and this appeal followed. We reverse.

Testimony at the preliminary hearing tended to establish that

respondent took certain merchandise from a department store in the Las Vegas area and placed the items in an automobile parked nearby. Respondent reentered the store, took additional merchandise, and again left the premises. Respondent was apprehended shortly thereafter.

The underlying question presented to the district court in the petition for writ of habeas corpus was whether these distinct asportations constituted a continuing transaction. If they did, the total value of the merchandise which had been taken in the successive thefts may be considered together for purposes of charging respondent with grand larceny. See State v. Mandich, 24 Nev. 336, 54 P. 516 (1898). Otherwise, the state had only established two petty thefts.

The order granting the petition for writ of habeas corpus fails to explain the rationale of the district court. The basis of the court's decision, however, appears in the transcript of the hearing on respondent's petition. The relevant portion of the district court's comments are as follows:

> This matter is on for decision on a writ of habeas corpus, together with other motions. The court feels the argument presented by the state that has to do with continuing offenses, such as embezzlement or what have you is fallacious in that if in this event Mr. Wilson had successfully stolen items, say, of $1,000 each, there is no doubt in my mind that the state would have hit him with two counts of grand larceny and they can't have it both ways, and, therefore, since they need a combination of two separate offenses, which they would consider as separate offenses, if he had been accused of purloining items in excess of $100 on each successive trip into the store, they would have hit him with two counts of grand larceny if not separate cases, but two counts. I have no doubt of this, and they can't swing the axe both ways. The writ is granted.

Whether the state would have charged respondent differently under other circumstances is speculative and irrelevant. The crucial issue which confronted the district court, and which the district court failed to address, was the adequacy of the evidence presented at the preliminary hearing. An examination of the transcript reveals that the state produced sufficient evidence in the justice's court to establish probable cause to believe the asportations constituted a continuing transaction, and therefore to support the charge of grand larceny.

Under the circumstances presented here, we conclude that

the district court committed substantial error in granting the petition. *Cf.* Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981). Accordingly, the order issuing the writ of habeas corpus is reversed and the information is reinstated.